IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIE OTIS HARRIS, <br> ID # 2285, <br> Plaintiff, <br> <br> v. <br> <br> WAYNE MCCOLLUM DETENTION CENTER, <br> Defendant. | §§§§§§§§§§ | <br><br><br><br>No. 3:25-CV-3052-X-BW<br><br><br><br>Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is correspondence received from Willie Otis Harris on November 10, 2025. (Dkt. No. 3.) Based on the relevant filings and applicable law, the Court should summarily **DISMISS** this action as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g) unless Harris timely pays the full $405 filing fee.

### I. BACKGROUND

Harris, an inmate at the Wayne McCollum Detention Center in Ellis County, Texas, filed correspondence in this Court that has been initially construed and docketed as a prisoner civil rights complaint under 42 U.S.C. § 1983. (*See id.*) In his filing, Harris alleges that he is "being denied access to the courts" because he is not allowed to go to the prison law library and the "kiosk machine" available to him for litigation purposes is inadequate. (*Id.*) He also states that he does not need a set of

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred for full case management.

forms used in this Court for filing a prisoner civil rights complaint under § 1983 because he is barred, but that he "just need[s] for this to be filed." (*Id.*)

## II.  THREE STRIKES

Because Harris filed this action without prepayment of the requisite filing fees, it is subject to review under the Prison Litigation Reform Act ("PLRA"). Under the "three-strikes" provision of the PLRA, a prisoner may not proceed in a civil action without the prepayment of fees if, while confined as a prisoner, he has previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is under imminent danger of serious physical harm. *See* 28 U.S.C. § 1915(g); *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020).

For purposes of § 1915(g), Harris has accrued at least three prisoner civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Harris v. Thaler*, No. 4:00-CV-2379 (S.D. Tex. May 24, 2001) (determining that Harris was barred by § 1915(g) from proceeding in forma pauperis based on dismissal of his prior actions as frivolous); *Harris v. State Bar of Tex.*, No. 3:99-CV-1381-T (N.D. Tex. Oct. 1, 1999) (dismissing prisoner civil rights complaint with prejudice as frivolous); *Harris v. Plentl*, No. 6:94-CV-102-HWM (E.D. Tex. Apr. 29, 1994) (dismissing prisoner civil rights complaint with prejudice); *Harris v. Cockrell*, No. 6:93-CV-773-HWM (E.D. Tex. May 16, 1994) (dismissing prisoner

2

civil rights complaint with prejudice); *Harris v. Lang*, No. 6:92-CV-626-JKG (E.D. Tex. Dec. 18, 1992) (dismissing prisoner civil rights complaint as frivolous).

Having accumulated at least three "strikes," Harris is barred under § 1915(g) from proceeding in this action without prepayment of the filing fee, unless he shows that he is in "imminent danger of serious physical injury" at the time he files suit. *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). To constitute imminent danger, "the threat or prison condition must be real and proximate." *Valdez v. Bush*, No. 3:08-CV-1481-N, 2008 WL 4710808 at *1 (N.D. Tex. Oct. 24, 2008) (citations and internal quotation marks omitted).

Here, Harris appears to acknowledge that he is barred by the "three-strikes" rule of § 1915(g), and he makes no factual allegations suggesting that he is in imminent danger of serious physical injury. Accordingly, he must prepay the $405 filing fee before he may proceed with this case.[2]

### III.  RECOMMENDATION

The Court should summarily **DISMISS** this action without prejudice as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g) unless Harris pays the full $405 filing fee[3] prior to acceptance of this recommendation, or before a deadline

---

[2] The Court notes that the construed complaint also appears to fall short of the basic pleading requirements of Federal Rule of Civil Procedure 8(a). In the event Harris pays the full filing fee or this action otherwise proceeds, the Court may revisit Harris's pleading deficiencies.

[3] As of December 1, 2023, a $55 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $405 for a civil action in which the plaintiff has not sought or been granted leave to proceed in forma pauperis. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed

3

otherwise established by the Court.

    **SO RECOMMENDED** on December 10, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

    A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

in forma pauperis, only the $350 filing fee will be deducted from the prisoner's account; the $55 administrative fee will not be deducted.